# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

## CIVIL RIGHTS COMPLAINT

BRIDGITTE PRINCE
_____

_____,
Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

v.

RICHARD DAVIS

Case No. 3:07cv653 (JBA)
(To be supplied by the court)

_____
Defendant(s).
(Full name(s) and capacity, *e.g.*, official capacity, individual capacity, or official and individual capacitites) (Do not use *et al.*)

## A. PARTIES

1. **BRIDGITTE PRINCE** is a citizen of **CONNECTICUT** who
   (Plaintiff)                                    (State)
   presently resides at **1190 West Middle Turnpike, C-1, Manchester, Connecticut 06040**.
   (mailing address or place of confinement)
   If plaintiff is incarcerated, provide inmate number: _____.

2. Defendant **RICHARD DAVIS** is a citizen of **CONNECTICUT**
   (name of first defendant)                         (State)
   whose address is **246 Griswald Street, Glastonbury, CT 06033**,

and who is employed as __Landlord/Property Manager_____.
(title and place of employment)
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?  ____Yes  ____No.  If your answer is "Yes," briefly explain:

_____

_____

3. Defendant _____ is a citizen of _____
              (name of second defendant)                                        (State)

whose address is _____

and who is employed as _____.
                        (title and place of employment)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?  ____Yes  ____No.  If your answer is "Yes," briefly explain:

_____

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   ____  42 U.S.C. § 1983 (applies to state prisoners)

   ____  **_Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics_**, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

<u>U.S. Constitution, First Amendment-Right to petition the government for redress of grievances. Fair Housing Act, 45 USC, Subchapter I, Sections 3603, 3604, 3605, 3606 & 3617. Civil Rights Act of 1866, Subsections 1981 & 1982. Connecticut Discriminatory Housing Practices Act, Connecticut General Statutes, Section 46a-64c. Breach of Contract. Abuse of Process. Malicious Prosecution.</u>

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

Plaintiff and defendant entered into a one-year rental agreement on November 23, 2005. At that time, the plaintiff was still in the process of securing total amount of security deposit. However, the defendant assured plaintiff that there were no problems and that the unit would be available to her upon receipt of deposit. Both parties agreed. In the interim, dedendant brought the agreement to Manchester Section 8, and rental payment commenced on December 1, 2005.

Although Section 8 began payment, unbeknownst to them, the plaintiff had not moved into the unit or secured total amount due for security deposit. Consequently, the defendant began questioning the plaintiff about her unemployment status, her source of income (Veterans Disability), as well as her dependency on outside sources for obtaining the security deposit. Defendant refused to give plaintiff the keys, even after deposit was provided at the end of December. Plaintiff filed complaint.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** ___Violation of Fair Housing Act, Subchapter I, Section 3617___

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

On February 27, 2007 at the CT Housing Session, 80 Washington Street, Hartfor, CT, the parties met with Housing Mediator Richard Tynam. During that meeting, the defendant disclosed that he would do whatever he could to interfere with plaintiff's right to enjoy housing. Defendant stated that he wanted plaintiff to lose her Section 8 privileges, because he was incensed about the one month rent loss (February 2006). Manchester Section 8 decided to withhold the rent as penalty for defendant receiving funds for a vacant apartment as I explained above.

The plaintiff, who was represented by Attorney Lee Johnson, presented a Motion to Dismiss. Attorney Johnson and Mr. Tynam attempted to show defendant that he was fighting a losing battle. Still, defendant said that he intended to hurt plaintiff, no matter what the legal cost.

**Claim II:** <u>Abuse of Process and Malicious Prosecution</u>

Supporting Facts:

On or about February 27, 2007, the defendant withdrew his complaint from Housing Court for an Eviction based on Lapse of Time. On March 1, 2007, plaintiff received a Notice to Quit for non-payment of rent for February 2007. On February 1, 2007, Plaintiff mailed rent to the defendant at the same address plaintiff had sent rent for the past 13 months. The defendant sent the rent back. However, at no time did the defendant notify the plaintiff to tell her that he wanted the rent sent to a different address. Plaintiff's attorney also addressed this issue to Mr. Tynam. In addition, plaintiff provided proof of rental payment before the court. Mr. Tynam assured plaintiff that if the defendant refused rent, it was his problem and not plaintiff's problem. Furthermore, defendant could not use non-payment as a reason for eviction in this case. Plaintiff alleges that defendant did this because he knew that an eviction for non-payment of rent would be a basis for plaintiff losing her Section 8 privileges. Moreover, defendant has also breached the contract. In the rental agreement a default shall not result in termination and forfeiture if, within 10 days of receipt of notice, Lessee has corrected the default. Plaintiff received one previous Notice to Quit for December 2006. During that time, plaintiff had mailed her December rent, but was unaware of the amount of the rent increase. For the first 20 days of December, plaintiff was at the Veterans Hospital in Northampton, MA. However, when plaintiff received her mail, she immediately remedied the problem, to include the $25.00 late fee required.

**Claim III:** <u>Discrimination due to Lawful Source of Income and Disability</u>

<u>Connecticut General Statute, 46a-64c.</u>

Supporting Facts:
During housing mediation, defendant ranted about plaintiff not working or having a home telephone. Defendant's comments were: "She doesn't work. What does she do all day?" "She needs to get out and get a job." He also made other derogatory, hurtful and embarrassing comments. The plaintiff is an African American Disable Veteran recently diagnosed with Post Traumatic Stress Disorder (service-connected). In addition, plaintiff is a full-time college student, with a son (also on the lease), who will be graduating from the University of Connecticut in May 2007.

Defendant's last comment in the mediation was, "Let the games begin". Consequently, this is not a game to the plaintiff. Since the beginning of this action, plaintiff has suffered from anxiety, depression, and insomnia.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
   ____Yes _x_ No. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a. Parties to previous lawsuit:

   Plaintiff(s):_____

   Defendant(s):_____

   b. Name and location of court and docket number_____

   c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
   _____

   d. Issues raised: _____
   _____

   e. Approximate date of filing lawsuit:_____

   f. Approximate date of disposition: _____


2. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D.   _X_ Yes ____ No.

   If your answer is "Yes," briefly describe how relief was sought and the results.
   **I am seeking an Injunction to stop the eviction process until this suit is settled.**

3. I have exhausted available administrative remedies. ____ Yes _X_ No.
   If your answer is "Yes," briefly explain the steps taken. Attach proof of exhaustion.
   If your answer is "No," briefly explain why administrative remedies were not exhausted.

5

# F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are incarcerated and proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."
   If you are not incarcerated, go to section G.

   a. Parties to previous lawsuit:

Plaintiff(s):_____

Defendant(s):_____

   b. Name and location of court and docket number _____

   c. Grounds for dismissal:  ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

   d. Approximate date of filing lawsuit:_____

   e. Approximate date of disposition: _____

2. Are you in imminent danger of serious physical injury? __X__ Yes ____ No.
   If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

   **I believe that the defendant will act on his threat to do whatever it takes. I also feel that he will do things outside the scope of the law to hurt me and my family.**

## G. REQUEST FOR RELIEF

I request the following relief:

Compensatory Damages and Punitive Damages in the amount of $250,000.00 In addition, I would like to receive protection and assurance the I would enjoy the full benefits allowed by law as far as the HUD, Section 8 benefit program is concerned.

## H. JURY DEMAND

Do you wish to have a jury trial?  Yes ____   No __X__

_Bridgitte Prince_ (signed)
Plaintiff's Original Signature

_____
Original signature of attorney (if any)

Bridgitte Prince
Printed Name

_____
Printed Name

1190 West Middle Turnpike, C-1

Manchester, CT  06040

( )
Attorney's full address and telephone

(860) 436-3348, Or 528-6306
Plaintiff's full address and telephone

_____
Email address if available

_____
Email address if available

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____
              (location)                    (date)

_Bridgitte Prince_ (signed)
Plaintiff's Original Signature

(Rev. 8/25/04)

### INSTRUCTIONS TO LANDLORD

1. Submit to a sheriff or any proper officer the completed original and sufficient copies for each adult occupant and/or tenant you wish to evict. Notice must be served on each occupant or tenant in accordance with C.G.S. § 47a-23.
2. After service is made, the original Notice to Quit will be returned to you. If you do not wish to include your address on this form, provide this information on a separate sheet so that the officer can return the original notice to you promptly after making service.

## NOTICE TO QUIT POSSESSION
JD-HM-7 Rev. 4-03 C.G.S. § 47a-23

www.jud.state.ct.us

TO: NAME(S) OF TENANT(S) AND/OR OCCUPANT(S)
*Bridgette Prince*

COMPLETE ADDRESS OF PREMISES, INCLUDING APARTMENT NO., IF ANY
*1170 C-1 West Middle Turnpike Manchester CT 06040*

I hereby give you notice that you are to quit possession or occupancy of the premises described above and now occupied by you on or before *March 31, 2007* (Date) for the following reason(s) (specify):

① Un Paid Rent for Feb 2007. This the third Notice to quit served for non-payment in the last 12 months. Any monies received will be toward "Use in Occupancy" only

② I Plan to sell the Property as soon as the Tenant moves out

A TRUE COPY
ATTEST:
LISA STEVENSON
STATE MARSHAL, HARTFORD COUNTY
INDIFFERENT PERSON

If you have not moved out of the premises by the date indicated above, an eviction may be started against you.

NAME OF LANDLORD (Print or type)
*Richard S Davis*

SIGNED (Landlord/Attorney)

DATED AT (Town)
*Manchester*

ON (Date)
*2/25/07*

ADDRESS OF LANDLORD (Submit to proper officer on a separate sheet if desired.)

### RETURN OF SERVICE (TO BE COMPLETED BY SERVING OFFICER)

| SERVICE MADE AT (Address) | ON (Date of service) |
|---|---|
| | **FEES** |
| Then and there I made due and legal service of the foregoing notice by leaving a true and attested copy (copies) with/at the usual place of abode of each of the within-named tenant(s) and/or occupant(s). | COPY |
| | ENDORSEMENT |
| | SERVICE |
| | TRAVEL |
| ATTEST (Name and title) | TOTAL |

NOTICE TO QUIT POSSESSION

| WITHDRAWAL<br>SMALL CLAIMS AND<br>HOUSING MATTERS<br>JD-CV-70 New 11-01 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.state.ct.us | DOCKET NO. 141190<br>RETURN DATE<br>ANSWER DATE |
|---|---|---|

NAME OF CASE (FIRST-NAMED PLAINTIFF VS. FIRST- NAMED DEFENDANT)
X Richard Davis  VS  Bridgette Prince

☐ Judicial District at: _____   ☒ Housing Session at: Hartford   ☐ G.A. No. ___   ☐ Small Claims at: _____

("X" ALL THAT APPLY)

☒ The Plaintiff's action is WITHDRAWN AS TO ALL DEFENDANTS without costs to any party.

☐ The Plaintiff's action is WITHDRAWN AS TO DEFENDANT(S) _____ ONLY, without costs.

The:

~~COMPLAINT~~ RD

☐ COUNTERCLAIM

☐ CROSS COMPLAINT

☐ ~~Notice to Quit Due to Lapse of Time~~ RD

in the above-entitled action is hereby WITHDRAWN.

SIGNATURE REQUIRED
SIGNED (Plaintiff/Plaintiff's Attorney)
X /s/ Richard S. Davis

SIGNED (Defendant/Defendant's Attorney)
X

NAME, ADDRESS AND TELEPHONE NUMBER OF PERSON SIGNING ABOVE
(X) Richard S Davis   246 Griswold St. Glastonbury CT 06033   860-881-4745

CERTIFICATION

I hereby certify that a copy was mailed/delivered to all counsel and pro se parties of record on:
DATE  X 2/27/07
SIGNED (Individual attorney or pro se party)
X /s/ Richard S. Davis

NAME OF EACH PARTY SERVED*
Lee N Johnson

ADDRESS AT WHICH SERVICE WAS MADE*
350 Silas Deane Highway
Wethersfield Conn 06109

* If necessary, attach additional sheet with names of each party served and the address at which service was made.

For Court Use Only
2007 FEB 27 P 4: 36
HOUSING SESSION AT HARTFORD STATE OF CONNECTICUT
OFFICE OF THE CLERK SUPERIOR COURT

WITHDRAWAL - SMALL CLAIMS AND HOUSING MATTERS

| | | |
|---|---|---|
| DOCKET NO. HDSP-141190 | : | SUPERIOR COURT |
| RICHARD DAVIS | : | HOUSING SESSION |
| VS. | : | AT HARTFORD |
| BRIDGETTE PRINCE | : | FEBRUARY 26TH, 2007 |

## MOTION TO DISMISS

Pursuant to Practice Book Section 10-30 et seq the Defendant hereby moves this court to dismiss the above captioned case for the following reasons:

1. The court lacks subject matter jurisdiction over this action due to the fact that Plaintiff has not properly complied with the provisions of the lease, HUD rules and regulations and statutory authority for the provision of a proper notice to quit.

2. The allegations in the Notice to Quit " lapse of time" is not an allowed reason pursuant to the terms of the Housing Assistance Payments agreement entered into among the parties. The notice to quit fails to allege any good cause reason.

3. The notice to quit neglects to provide thirty days notice of termination as is required under the terms of the amendment to the lease entered into by the parties by date of 12-16-06.

WHEREFORE, the Tenant moves that the above captioned case be dismissed.

Defendant,
By: _____
Lee N. Johnson, Her Attorney

FAXED
FEB 26 2007
RECEIVED

## CERTIFICATION

I certify that a copy of the foregoing has been mailed, postage prepaid to:

Richard Davis
246 Griswold Street
Glastonbury, CT  06033

on this the 26th day of February 2007.

_____
Lee N. Johnson
Commissioner of the Superior Court

## ORDER

The above Motion having been duly heard it is hereby Ordered:

**GRANTED/DENIED**

BY THE COURT

_____
Judge/Clerk/Assistant Clerk

LAW OFFICES
LEE N. JOHNSON
350 SILAS DEANE HIGHWAY • WETHERSFIELD, CONNECTICUT 06109 • (860) 563-7510 • FAX (860) 529-7588 • JURIS NO. 420176

STATE OF CONNECTICUT
# SUPERIOR COURT HOUSING SESSION
OFFICE OF THE CLERK
www.jud.ct.gov

Bridgett Prince
1190-C-1 W. Middle Turnpike
Manchester, CT 06040



**NOTICE OF COURT HEARING**
JD-CL-9H2 Rev. 7-00 VAF&RAG

| NAME OF CASE | DOCKET NO. |
|---|---|
| Davis v Prince et al | HDSP-141190 |
| **ADDRESS OF COURT** | **COURT PHONE** |
| 80 Washington Street, Hartford, CT 06106 | (860) 756-7920 |
| **DATE OF HEARING** | **TIME OF HEARING** | **COURTROOM** |
| 02/27/2007 | 09:30 AM | Court Room B |
| **ADDRESS OF PREMISES** | | |
| 1190-C-1 W. Middle Turnpike, Manchester, CT 06040 | | |

**This case has been assigned for a court hearing for the reason given below:**

Trial - Summary Process

All parties are required to appear at the place and time given above. If you are unable to attend the hearing you should notify the opposing party and obtain an agreement before you notify the court.

Please notify your witnesses, if any, so they can be in court with you. Bring all other evidence you wish to present, such as bills, receipts, invoices, etc. If a party not represented by an attorney seeks to compel attendance of a witness with a subpoena, an Application for Subpoena must be submitted to the Clerk's Office at least three business days prior to the Hearing Date.

If a motion to open judgment is granted, your case may proceed to trial that same day.

The parties must be prepared to go to trial on the Hearing Date as indicated above.

CONTINUANCES & OVER MARKINGS ONLY on Form JD-CV-21(NO PHONE MARKINGS). www.jud.ct.gov for case info. Parties assigned for firm trial must report to clerk's office 1/2 hr. early to pre-mark exhibits. YOU WILL NOT BE ALLOWED INTO THE COURTHOUSE WITH CAMERA PHONES EXCEPT UNDER PB 1-10. CAMERA PHONES WILL NOT BE STORED SO PLEASE LEAVE THE PHONE HOME.

Assistance may be provided upon request by a qualified individual with a disability under the provisions of the Americans With Disabilities Act.

CLERK OF COURT, BY **Jeffrey Hammer, Esq.** DATE 02/09/2007 .

### INSTRUCTIONS TO LANDLORD

1. Submit to a sheriff or any proper officer the completed original and sufficient copies for each adult occupant and/or tenant you wish to evict. Notice must be served on each occupant or tenant in accordance with C.G.S. § 47a-23.
2. After service is made, the original Notice to Quit will be returned to you. If you do not wish to include your address on this form, provide this information on a separate sheet so that the officer can return the original notice to you promptly after making service.

# NOTICE TO QUIT POSSESSION
JD-HM-7 Rev. 4-03 C.G.S. § 47a-23

www.jud.state.ct.us

TO: NAME(S) OF TENANT(S) AND/OR OCCUPANT(S): **Bridget Prince**

COMPLETE ADDRESS OF PREMISES, INCLUDING APARTMENT NO., IF ANY: **1190-C-1 W Middle Tpke Manchester**

I hereby give you notice that you are to quit possession or occupancy of the premises described above and now occupied by you on or before **1/31/07** (Date) for the following reason(s) (specify):

**Lapse of Time**

ATTEST: Lisa Stevenson, Hartford County State Marshal
A TRUE COPY

If you have not moved out of the premises by the date indicated above, an eviction may be started against you.

NAME OF LANDLORD (Print or type): **Richard S Davis**
SIGNED (Landlord/Attorney): [signature]
DATED AT (Town): **Manchester**
ON (Date): **1/5/07**

ADDRESS OF LANDLORD (Submit to proper officer on a separate sheet if desired.)

### RETURN OF SERVICE

SERVICE MADE AT (Address): 
ON (Date of service):

Then and there I made due and legal service of the foregoing notice by leaving a true and attested copy (copies) with/at the usual place of abode of each of the within-named tenant(s) and/or occupant(s).

| FEES | |
|---|---|
| COPY | |
| ENDORSEMENT | |
| SERVICE | |
| TRAVEL | |
| TOTAL | |

ATTEST (Name and title):

NOTICE TO QUIT POSSESSION

**SUMMARY PROCESS (EVICTION)**
**COMPLAINT TERMINATION**
**OF LEASE BY LAPSE OF TIME**
JD-HM-20 Rev. 4-01
C.G.S. § 47a-23a

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.state.ct.us

**INSTRUCTIONS TO PLAINTIFF (LANDLORD)**
1. Attach to Summons Summary Process (Eviction) following the instructions thereon.
2. Attach original Notice to Quit.
3. If there is a written lease, attach copy to complaint.

RETURN DATE: Feb. 9, 2007

☐ JUDICIAL DISTRICT OF _____

Richard S Davis
PLAINTIFF(S)/LANDLORD(S)

VS.

Bridget Prince
DEFENDANT(S)/TENANT(S)

☑ JUDICIAL DISTRICT HOUSING SESSION AT

Htfd.
town/city

☐ GEOGRAPHICAL AREA NO. _____

## COMPLAINT

1. On or about (date) 1/1/07 the plaintiff, as lessor (landlord), and the defendant as lessee (tenant), entered into ☑ AN ORAL ☐ A WRITTEN (copy attached) lease for the term of one month
   *week/month/year*
   for use and occupancy of the following premises:

   LOCATION OF APARTMENT (No., street, town, and apartment or floor no.)
   1190 C-1 W Middle Tpke Manchester Ct 06040

2. The defendant agreed to pay the ☐ WEEKLY ☑ MONTHLY rental of 875.00
   payable on the __1__ day of each ☐ WEEK ☑ MONTH. Section 8 → 833.00
   Tenant → 42.00

3. The defendant took possession of the premises pursuant to the ☑ ORAL ☐ WRITTEN
   one month lease, and still occupies the premises.
   *week/month/year*

4. The lease has terminated by lapse of time.

5. On (date) 1/5/07 the plaintiff caused a Notice to Quit Possession to be served on the defendant to vacate the premises on or before (date) 1/31/07 as required by law.
   The Notice to Quit is attached to the complaint.

6. Although the time given in the Notice to Quit Possession of the premises has passed, the defendant still continues in possession.

**THE PLAINTIFF THEREFORE CLAIMS JUDGMENT FOR IMMEDIATE POSSESSION OF THE PREMISES.**

SIGNED (Plaintiff/Plaintiff's Attorney) [signature]

DATE SIGNED 2/1/07

SUMMARY PROCESS (EVICTION) COMPLAINT
TERMINATION OF LEASE BY LAPSE OF TIME

(Check on Electric)

# Residential Lease

APARTMENT – CONDOMINIUM – HOUSE

BY THIS AGREEMENT made and entered into on _____ 11/23, 20 05,
between __Richard Davis__ herein referred to as Lessor, and __Bridgitte Prince__
_____ herein referred to as Lessee. Lessor leases to Lessee the premises situated at _____
__1190 C-4 W. Middle Tpke__, in the City of __Manchester__
_____, County of __Htfd__, State of __Conn.__,
and more particularly described as follows: _____

_____

together with all appurtenances, for a term of __1__ years, to commence on __12/1__, 20 __05__, and to end on
__11/30__, 20 __06__, at __12__ o'clock __p__. m.

1. **Rent.** Lessee agrees to pay, without demand, to Lessor as rent for the demised premises the sum of __eight hundred__
__seventy five__ Dollars ($ __875.00__ ) per month in advance on the __1__ day of each calendar month
beginning _____ __Dec 1__, 20 __05__, at __246 Griswold St.__
_____, City of __Glastonbury__, State of __CT 06033__
or at such other place as Lessor may designate.

2. **Form of Payment.** Lessee agrees to pay rent each month in the form of one personal check, OR one cashier's check, OR
one money order made out to __Richard Davis__.

3. **Late Payments.** For any rent payment not paid by the date due, __10th of month__ Lessee shall pay a late fee in the amount of __twenty five__
_____ Dollars ($ __25.00__ ).

4. **Returned Checks.** If, for any reason, a check used by Lessee to pay Lessor is returned without having been paid, Lessee
will pay a charge of _____ __fifteen__ _____ Dollars ($ __15.00__ ) as additional
rent AND take whatever other consequences there might be in making a late payment. After the second time a Lessee's check is
returned, Lessee must thereafter secure a cashier's check or money order for payment of rent.

5. **Security Deposit.** On execution of this lease, Lessee deposits with Lessor __eight hundred seventy__
_____ Dollars ($ __875.00__ ), receipt of which is acknowledged by Lessor, as security for the faithful performance by Lessee of the terms hereof, to be returned to Lessee, without interest, except where required by law, on the
full and faithful performance by him of the provisions hereof.

6. **Quiet Enjoyment.** Lessor covenants that on paying the rent and performing the covenants herein contained, Lessee shall
peacefully and quietly have, hold, and enjoy the demised premises for the agreed term.

7. **Use of Premises.** The demised premises shall be used and occupied by Lessee exclusively as a private single family residence, and neither the premises nor any part thereof shall be used at any time during the term of this lease by Lessee for the
purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family
residence. Lessee shall comply with all the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities
affecting the cleanliness, occupancy, and preservation of the demised premises, and the sidewalks connected thereto, during the
term of this lease.

8. **Number of Occupants.** Lessee agrees that the demised premises shall be occupied by no more than __2__ persons,
consisting of __2__ adults and __—__ children under the age of _____ years, without the written consent of Lessor.

bells in order; keep the walks free from dirt and debris; and, at his sole expense, shall make all required repairs to the plumbing, range, heating, apparatus, and electric and gas fixtures whenever damage thereto shall have resulted from Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor. Major maintenance and repair of the leased premises, not due to Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor, shall be the responsibility of Lessor or his assigns. Lessee agrees that no signs shall be placed or painting done on or about the leased premises by Lessee or at his direction without the prior written consent of Lessor.

*NO ✓*

**21. Painting.** Lessor reserves the right to determine when the dwelling will be painted unless there is any law to the contrary.

**22. Insurance.** Lessor has obtained insurance to cover fire damage to the building itself and liability insurance to cover certain personal injuries occurring as a result of property defects or Lessor negligence. Lessor's insurance does not cover Lessee's possessions or Lessee's negligence. Lessee shall obtain a Lessee's insurance policy to cover damage or loss of personal possessions, as well as losses resulting from their negligence.

*NO ✓*

**23. Pets.** Pets shall not be allowed without the prior written consent of the Lessor. At the time of signing this lease, Lessee shall pay to Lessor, in trust, a deposit of _____ Dollars ($_____ ), to be held and disbursed for pet damages to the Premises (if any) as provided by law. This deposit is in addition to any other security deposit stated in this lease. Any Lessee who wishes to keep a pet in the rented unit must sign a Pet Agreement Addendum.

**24. Display of Signs.** During the last _60_ days of this lease, Lessor or his agent shall have the privilege of displaying the usual "For Sale" or "For Rent" or "Vacancy" signs on the demised premises and of showing the property to prospective purchasers or tenants.

**25. Rules and Regulations.** Lessor's existing rules and regulations, if any, shall be signed by Lessee, attached to this agreement and incorporated into it. Lessor may adopt other rules and regulations at a later time provided that they have a legitimate purpose, not modify Lessee's rights substantially and not become effective without notice of at least two (2) weeks.

**26. Subordination of Lease.** This lease and Lessee's leasehold interest hereunder are and shall be subject, subordinate, and inferior to any liens or encumbrances now or hereafter placed on the demised premises by Lessor, all advances made under any such liens or encumbrances, the interest payable on any such liens or encumbrances, and any and all renewals or extensions of such liens or encumbrances.

**27. Holdover by Lessee.** Should Lessee remain in possession of the demised premises with the consent of Lessor after the natural expiration of this lease, a new month-to-month tenancy shall be created between Lessor and Lessee which shall be subject to all the terms and conditions hereof but shall be terminated on _60_ days' written notice served by either Lessor or Lessee on the other party.

**28. Notice of Intent to Vacate.** *[This paragraph applies only when this Agreement is or has become a month-to-month Agreement.]* Lessor shall advise Lessee of any changes in terms of tenancy with advance notice of at least 30 days. Changes may include notices of termination, rent adjustments or other reasonable changes in the terms of this Agreement.

**29. Surrender of Premises.** At the expiration of the lease term, Lessee shall quit and surrender the premises hereby demised in as good state and condition as they were at the commencement of this lease, reasonable use and wear thereof and damages by the elements excepted.

**30. Default.** If any default is made in the payment of rent, or any part thereof, at the times hereinbefore specified, or if any default is made in the performance of or compliance with any other term or condition hereof, the lease, at the option of Lessor, shall terminate and be forfeited, and Lessor may re-enter the premises and remove all persons therefrom. Lessee shall be given written notice of any default or breach, and termination and forfeiture of the lease shall not result if, within _10_ days of receipt of such notice, Lessee has corrected the default or breach or has taken action reasonably likely to effect such correction within a reasonable time.

www.socrates.com

© 2004, Socrates Media, LLC
LF310 • Rev. 04/04

# Tenancy Addendum
## Section 8 Tenant-Based Assistance
## Housing Choice Voucher Program

U.S. Department of Housing
and Urban Development
Office of Public and Indian Housing

(To be attached to Tenant Lease)

1. **Section 8 Voucher Program**
    a. The owner is leasing the contract unit to the tenant for occupancy by the tenant's family with assistance for a tenancy under the Section 8 housing choice voucher program (voucher program) of the United States Department of Housing and Urban Development (HUD).
    b. The owner has entered into a Housing Assistance Payments Contract (HAP contract) with the PHA under the voucher program. Under the HAP contract, the PHA will make housing assistance payments to the owner to assist the tenant in leasing the unit from the owner.

2. **Lease**
    a. The owner has given the PHA a copy of the lease, including any revisions agreed by the owner and the tenant. The owner certifies that the terms of the lease are in accordance with all provisions of the HAP contract and that the lease includes the tenancy addendum.
    b. The tenant shall have the right to enforce the tenancy addendum against the owner. If there is any conflict between the tenancy addendum and any other provisions of the lease, the language of the tenancy addendum shall control.

3. **Use of Contract Unit**
    a. During the lease term, the family will reside in the contract unit with assistance under the voucher program.
    b. The composition of the household must be approved by the PHA. The family must promptly inform the PHA of the birth, adoption or court-awarded custody of a child. Other persons may not be added to the household without prior written approval of the owner and the PHA.
    c. The contract unit may only be used for residence by the PHA-approved household members. The unit must be the family's only residence. Members of the household may engage in legal profitmaking activities incidental to primary use of the unit for residence by members of the family.
    d. The tenant may not sublease or let the unit.
    e. The tenant may not assign the lease or transfer the unit.

4. **Rent to Owner**
    a. The initial rent to owner may not exceed the amount approved by the PHA in accordance with HUD requirements.
    b. Changes in the rent to owner shall be determined by the provisions of the lease. However, the owner may not raise the rent during the initial term of the lease.
    c. During the term of the lease (including the initial term of the lease and any extension term), the rent to owner may at no time exceed:
        (1) The reasonable rent for the unit as most recently determined or redetermined by the PHA in accordance with HUD requirements, or
        (2) Rent charged by the owner for comparable unassisted units in the premises.

5. **Family Payment to Owner**
    a. The family is responsible for paying the owner any portion of the rent to owner that is not covered by the PHA housing assistance payment.
    b. Each month, the PHA will make a housing assistance payment to the owner on behalf of the family in accordance with the HAP contract. The amount of the monthly housing assistance payment will be determined by the PHA in accordance with HUD requirements for a tenancy under the Section 8 voucher program.
    c. The monthly housing assistance payment shall be credited against the monthly rent to owner for the contract unit.
    d. The tenant is not responsible for paying the portion of rent to owner covered by the PHA housing assistance payment under the HAP contract between the owner and the PHA. A PHA failure to pay the housing assistance payment to the owner is not a violation of the lease. The owner may not terminate the tenancy for nonpayment of the PHA housing assistance payment.
    e. The owner may not charge or accept, from the family or from any other source, any payment for rent of the unit in addition to the rent to owner. Rent to owner includes all housing services, maintenance, utilities and appliances to be provided and paid by the owner in accordance with the lease.
    f. The owner must immediately return any excess rent payment to the tenant.

6. **Other Fees and Charges**
    a. Rent to owner does not include cost of any meals or supportive services or furniture which may be provided by the owner.
    b. The owner may not require the tenant or family members to pay charges for any meals or supportive services or furniture which may be provided by the owner. Nonpayment of any such charges is not grounds for termination of tenancy.
    c. The owner may not charge the tenant extra amounts for items customarily included in rent to owner in the locality, or provided at no additional cost to unsubsidized tenants in the premises.

7. **Maintenance, Utilities, and Other Services**
    a. **Maintenance**
        (1) The owner must maintain the unit and premises in accordance with the HQS.
        (2) Maintenance and replacement (including redecoration) must be in accordance with the standard practice for the building concerned as established by the owner.
    b. **Utilities and appliances**
        (1) The owner must provide all utilities needed to comply with the HQS.
        (2) The owner is not responsible for a breach of the HQS caused by the tenant's failure to:

b. When the family moves out of the contract unit, the owner, subject to State and local law, may use the security deposit, including any interest on the deposit, as reimbursement for any unpaid rent payable by the tenant, any damages to the unit or any other amounts that the tenant owes under the lease.

c. The owner must give the tenant a list of all items charged against the security deposit, and the amount of each item. After deducting the amount, if any, used to reimburse the owner, the owner must promptly refund the full amount of the unused balance to the tenant.

d. If the security deposit is not sufficient to cover amounts the tenant owes under the lease, the owner may collect the balance from the tenant.

13. Prohibition of Discrimination

In accordance with applicable equal opportunity statutes, Executive Orders, and regulations, the owner must not discriminate against any person because of race, color, religion, sex, national origin, age, familial status or disability in connection with the lease.

14. Conflict with Other Provisions of Lease

a. The terms of the tenancy addendum are prescribed by HUD in accordance with Federal law and regulation, as a condition for Federal assistance to the tenant and tenant's family under the Section 8 voucher program.

b. In case of any conflict between the provisions of the tenancy addendum as required by HUD, and any other provisions of the lease or any other agreement between the owner and the tenant, the requirements of the HUD-required tenancy addendum shall control.

15. Changes in Lease or Rent

a. The tenant and the owner may not make any change in the tenancy addendum. However, if the tenant and the owner agree to any other changes in the lease, such changes must be in writing, and the owner must immediately give the PHA a copy of such changes. The lease, including any changes, must be in accordance with the requirements of the tenancy addendum.

b. In the following cases, tenant-based assistance shall not be continued unless the PHA has approved a new tenancy in accordance with program requirements and has executed a new HAP contract with the owner:

(1) If there are any changes in lease requirements governing tenant or owner responsibilities for utilities or appliances;

(2) If there are any changes in lease provisions governing the term of the lease;

(3) If the family moves to a new unit, even if the unit is in the same building or complex.

c. PHA approval of the tenancy, and execution of a new HAP contract, are not required for agreed changes in the lease other than as specified in paragraph b.

d. The owner must notify the PHA of any changes in the amount of the rent to owner at least sixty days before any such changes go into effect, and the amount of the rent to owner following any such agreed change may not exceed the reasonable rent for the unit as most recently determined or redetermined by the PHA in accordance with HUD requirements.

16. Notices

Any notice under the lease by the tenant to the owner or by the owner to the tenant must be in writing.

17. Definitions

Contract unit. The housing unit rented by the tenant with assistance under the program.

Family. The persons who may reside in the unit with assistance under the program.

HAP contract. The housing assistance payments contract between the PHA and the owner. The PHA pays housing assistance payments to the owner in accordance with the HAP contract.

Household. The persons who may reside in the contract unit. The household consists of the family and any PHA-approved live-in aide. (A live-in aide is a person who resides in the unit to provide necessary supportive services for a member of the family who is a person with disabilities.)

Housing quality standards (HQS). The HUD minimum quality standards for housing assisted under the Section 8 tenant-based programs.

HUD. The U.S. Department of Housing and Urban Development.

HUD requirements. HUD requirements for the Section 8 program. HUD requirements are issued by HUD headquarters, as regulations, Federal Register notices or other binding program directives.

Lease. The written agreement between the owner and the tenant for the lease of the contract unit to the tenant. The lease includes the tenancy addendum prescribed by HUD.

PHA. Public Housing Agency.

Premises. The building or complex in which the contract unit is located, including common areas and grounds.

Program. The Section 8 housing choice voucher program.

Rent to owner. The total monthly rent payable to the owner for the contract unit. The rent to owner is the sum of the portion of rent payable by the tenant plus the PHA housing assistance payment to the owner.

Section 8. Section 8 of the United States Housing Act of 1937 (42 United States Code 1437f).

Tenant. The family member (or members) who leases the unit from the owner.

Voucher program. The Section 8 housing choice voucher program. Under this program, HUD provides funds to an PHA for rent subsidy on behalf of eligible families. The tenancy under the lease will be assisted with rent subsidy for a tenancy under the voucher program.

**CUSTOMER'S RECEIPT**

KEEP THIS RECEIPT FOR YOUR RECORDS

PAY TO: Richard Davis
ADDRESS: P.O. Box 183 Glastonbury, CT
C.O.D. OR USED FOR: Rent + Lt. Cost for 12/25/06

SERIAL NUMBER: 10670928096
DATE: 2006-12-25
AMOUNT: $107.00
CLERK: 0026

See Back of This Receipt For Important Claim Information
**NOT NEGOTIABLE**

---

**CUSTOMER'S RECEIPT**

KEEP THIS RECEIPT FOR YOUR RECORDS

PAY TO: Richard Davis
ADDRESS: P.O. Box 183 Glastonbury
C.O.D. OR USED FOR: Rent for February 2007

SERIAL NUMBER: 10674513674
DATE: 2007-02-01
AMOUNT: $42.00
CLERK: 0014

See Back of This Receipt For Important Claim Information
**NOT NEGOTIABLE**

Bridgette Prince
190 West Middle Tpke, C-1
Manchester, CT 06040

HARTFORD CT 061
01 FEB 2007 PM 5 T

Richard Davis
P.O. Box 183
Glastonbury,

NIXIE          061          1          99  02/16/07
          RETURN TO SENDER
      NOT DELIVERABLE AS ADDRESSED
          UNABLE TO FORWARD
BC: 06040402590          *2144-10890-01-37